Henry C. Scheppel, d/b/a Greenville Furniture, Plaintiff-Appellee, v. Arkansas-Best Freight System, Inc., a Corporation, Defendant-Appellant.

Gen. No. 69–6.

Fifth District.

November 21, 1969.

60

James E. Buchmiller, of Greenville, for appellant.

Meyer and Meyer, of Greenville, for appellee.

MORAN, J.

Defendant, Arkansas-Best Freight System, a trucking company, appeals from a judgment entered in favor of the plaintiff, Henry C. Scheppel, a furniture dealer, for $213 plus costs in an action for damages for breach of contract brought in Bond County on a Small Claims Complaint.

Plaintiff received an order on March 9, 1968, from a young couple for a bedroom suite which had to be ordered from a catalog of Flanders Manufacturing Company of Fort Smith, Arkansas, and for a mattress and box spring which plaintiff had on hand. Apparently the sale was made on the condition that the furniture would be delivered by March 23, 1968.

Plaintiff telephoned the order to Flanders on March 11 and instructed them to send the order by any trucking line to St. Louis, but only by Cline Motor Freight from St. Louis to Greenville. Flanders then transferred the furniture to defendant for shipment. Both the invoice and bill of lading specified the routing as "ABF c/o Cline at St. Louis." Defendant transferred the furniture, instead, to Bellum Freight Lines at St. Louis for delivery to plaintiff, and for some reason not shown in the record, the furniture was not delivered until March 27 or 28 by Cline Motor Freight. On other occasions delivery had been made from Flanders within three or four days.

Due to the delay in delivery, plaintiff's customers had cancelled their entire order on March 22. Consequently, plaintiff refused to accept the furniture when it was finally delivered by Cline. The record does not show whether plaintiff has had to pay for the rejected order or freight costs, but it does show that plaintiff suffered a loss of profit of $213.

Plaintiff contends that he is the third-party beneficiary of the shipping contract between defendant and Flanders, and as such is entitled to recover his lost profits which resulted when defendant breached that contract by transferring the furniture to Bellum instead of Cline as requested.

Assuming without deciding that plaintiff could maintain this action as third-party beneficiary, we hold that, under the circumstances of this case, defendant is not liable to plaintiff for lost profits occasioned by an unreasonable delay in delivery.

■ ■ A carrier may be liable for special damages, such as loss of profits, resulting from unreasonable delay if it had or could be charged with notice of the circumstances or special conditions rendering such damages the natural and probable result of the delay in transportation and delivery. If the special circumstances of the plaintiff's contract with his customer were communicated to the defendant, giving notice that prompt shipment was a necessity, then the loss of profits resulting from an unreasonable delay would be the natural and probable result which would reasonably be contemplated by the parties and would be the amount of injury which would ordinarily follow from a breach of contract under these special circumstances so known and communicated, and defendant might be held liable for such losses. Hadley v. Baxendale, 9 Exch 341, 5 Eng Rul Cas 502, 156 Eng Rep 145; Illinois Cent. R. v. Cobb, Christy & Co., 64 Ill 128; 13 Am Jur2d, Carriers, § 379.

Plaintiff cites Meyer v. Buckman, 7 Ill App2d 385, 129 NE2d 603, and Kolberg v. Cities Service Oil Co., 343 Ill App 355, 99 NE2d 152, for the rule that where a loss of profits is the natural probable consequence of the act or omission complained of, such profits may be recovered if established with reasonable certainty. Clearly, the amount of lost profit is reasonably certain, but the loss is not the natural probable consequence of defendant's failure to follow the requested route in the absence of notice to defendant that the goods were under a contract of sale and that the sale would be cancelled if the goods were not delivered promptly. This notice requirement provides the carrier with an opportunity to take special precautions against delay or to indicate that it cannot transport the goods promptly.

However, in this case, when the plaintiff was asked whether he ever advised defendant that he had this sale, he testified, "No, I had no occasion to." There is no other evidence in the record to indicate that defendant was put on notice by Flanders or any other person of the particular circumstances making prompt shipment a necessity, nor did the nature of the shipment put defendant on constructive notice of any such circumstances. Consequently, defendant cannot be held liable for the special damages resulting from its failure to follow the requested routing.

The judgment of the Circuit Court of Bond County is reversed.

Judgment reversed.

GOLDENHERSH and EBERSPACHER, JJ., concur.